<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| D.F., | : | Civil Action No. 20-9397 (SRC) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

  This matter comes before the Court on the appeal by Plaintiff D.F. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

  In brief, this appeal arises from Plaintiff's application for disability insurance benefits and supplemental security income benefits, alleging disability beginning July 2, 2015. A hearing was held before ALJ Sean Teehan (the "ALJ") on June 26, 2019, and the ALJ issued an unfavorable decision on July 31, 2019. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of July 31, 2019, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain exertional and non-exertional limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of his past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the step four residual functional capacity ("RFC") determination is not supported by substantial evidence because it fails to account for Plaintiff's intensive outpatient treatment; 2) at step four, the ALJ failed to properly weigh Plaintiff's records of treatment and the consultative evaluation; and 3) at step three, the ALJ erred in finding that Plaintiff did not meet the requirements of a listed impairment.

Plaintiff's arguments suffer from two principal defects: 1) they fail to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) they fail to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar

procedural context in <u>Shinseki v. Sanders</u>, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." <u>Id.</u> In such a case, "the claimant has the 'burden' of showing that an error was harmful." <u>Id.</u> at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful. It is not enough to show the presence of an error. Pursuant to <u>Shinseki</u>, Plaintiff bears the burden of proving that he was harmed by this error.

Plaintiff first argues that, at step four, the ALJ failed to consider the limitations created by the schedule of Plaintiff's intensive outpatient treatment. Plaintiff contends, in short, that, because he attends intensive outpatient treatment several days each week, he does not have the necessary time available to work. The Commissioner, in opposition, argues that Plaintiff points to no evidence to support the assertion that Plaintiff's treatment precludes work, and this is correct. Plaintiff does not point to evidence, for example, that: 1) Plaintiff's medical needs require a specific treatment schedule; and 2) there is no possible combination of jobs and treatment providers that could permit coordination of the two. It is not sufficient to merely offer the conclusory assertion that Plaintiff's medical treatment needs preclude employment. At step four, Plaintiff bears the burden of proof of disability, and Plaintiff has failed to point to specific evidence of record which could have established such a limitation. Thus, even if the Court were

to find that the ALJ erred at step four – which it has not found –, Plaintiff has failed to carry his burden of proving that he was harmed by any error.

Plaintiff next very briefly challenges the step four analysis on the ground that the ALJ did not expressly state the weight given to the opinions of treating sources.  Plaintiff does not, however, cite any specific opinions of treating sources that the ALJ overlooked.  Absent a citation to specific evidence of record, this Court has no basis to conclude that the ALJ overlooked a specific treating physician opinion.  Plaintiff also makes a passing reference to the ALJ's consideration of the opinion of consultative evaluator Dr. Linehan, but does not develop this argument sufficiently to allow this Court to consider it.

Last, Plaintiff challenges the step three determination with several arguments that the ALJ's decision is legally insufficient, failing to give adequate explanation and adequate consideration of treatment records.  Plaintiff does not, however, muster the evidence to demonstrate that the evidence of record demonstrates that Plaintiff meets the requirements of Listing 12.04 or any other Listing.  Thus, even if the Court were to find that the ALJ erred at step three – which it has not found –, Plaintiff has failed to carry his burden of proving that he was harmed by any error.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that he was harmed by any errors.  Plaintiff has not shown that the ALJ erred at step four, has not shown that the evidence supported a decision in his favor, and has made no demonstration of

prejudice as required by Shinseki.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                                        s/ Stanley R. Chesler  
                                                                      STANLEY R. CHESLER, U.S.D.J.

Dated: March 3, 2022