**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| D.F., | : | Civil Action No. 20-9397 (SRC) |
| Plaintiff, | : | |
| v. | : | **OPINION & ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the motion for reconsideration by Plaintiff D.F. ("Plaintiff") of this Court's Opinion of March 3, 2022, which affirmed the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). The Commissioner did not file a brief in response to the motion. For the reasons that follow, the motion will be denied.

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." In re Energy Future Holdings Corp., 904 F.3d 298, 311 (3d Cir. 2018); L. Civ. R. 7.1(i).

Plaintiff moves for reconsideration, arguing that this Court clearly erred in the decision.

1

In short, Plaintiff argues:

> The uncontroverted record established that Plaintiff requires several days per week treatment (Tr. 925, 926, 929, 930, 950, 1021). It was at step five that Defendant erred by relying on a response to its question to the Vocational Expert (VE) that failed to reflect that treatment schedule (Tr. 80).
> . . .
> Plaintiff's medically-necessary intensive outpatient mental health treatment would create a limitation to his availability to attend work during regular business hours without excessive absenteeism, as is required by SSR 96-8P.   Circuit precedent and the regulations require such a limitation to be reflected in both the RFC finding and the question to the VE which the agency relied on.

(Pl.'s Br. 2-4.)   Plaintiff argues that the Court erred by not including Plaintiff's treatment requirements as a limitation in the residual functional capacity determination, and in the hypothetical given to the vocational expert at step five.

In the Opinion of March 3, 2022, this Court addressed this issue:

> Plaintiff first argues that, at step four, the ALJ failed to consider the limitations created by the schedule of Plaintiff's intensive outpatient treatment.   Plaintiff contends, in short, that, because he attends intensive outpatient treatment several days each week, he does not have the necessary time available to work.   The Commissioner, in opposition, argues that Plaintiff points to no evidence to support the assertion that Plaintiff's treatment precludes work, and this is correct.   Plaintiff does not point to evidence, for example, that: 1) Plaintiff's medical needs require a specific treatment schedule; and 2) there is no possible combination of jobs and treatment providers that could permit coordination of the two.   It is not sufficient to merely offer the conclusory assertion that Plaintiff's medical treatment needs preclude employment.   At step four, Plaintiff bears the burden of proof of disability, and Plaintiff has failed to point to specific evidence of record which could have established such a limitation.   Thus, even if the Court were to find that the ALJ erred at step four – which it has not found –, Plaintiff has failed to carry his burden of proving that he was harmed by any error.

(Opinion of March 3, 2022 at 3-4.)   This Court considered Plaintiff's arguments on this issue and the evidence of record, and concluded that the evidence did not establish that "Plaintiff's medical needs require a specific treatment schedule."   Plaintiff's brief in support of reconsideration argues, in effect, that this Court was wrong, because the cited evidence does

establish that.

This Court disagrees. The evidence of record that Plaintiff cited in the moving brief, and cites again in the brief in support of the motion of reconsideration, "(Tr. 925, 926, 929, 930, 950, 1021)," are treatment plans and progress notes from Plaintiff's treatment at St. Mary's Behavioral Health. The pages from two treatment plans (Tr. 925, 926, 929, 930) are signed by a physician and state that the planned treatments for Plaintiff are one session of individual therapy each week and three sessions of group therapy per week. The progress note (Tr. 950) is not signed by a physician and contains a recommendation of group therapy three times per week. The progress note (Tr. 1021) is not signed by a physician and contains a recommendation of "weekly individual sessions" and group therapy three times per week.

In Plaintiff's moving brief for the appeal, Plaintiff offered this evidence and argued: "The [ALJ's] decision contains legal error because it does not include the significant absenteeism that would occur from Plaintiff's symptoms and attendance at multiple intensive partial care outpatient treatment programs." (Pl.'s Appeal Br. at 21.) Plaintiff argues as if the cited evidence constitutes medical opinions about limitations to the ability to work, but this is not supported by the evidence, which does not address Plaintiff's ability to work in any way. The Regulations state:

> Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.

20 C.F.R. § 404.1527(a)(1). The evidence cited by Plaintiff does not contain statements about what Plaintiff can still do, or not do, despite his impairments. The ALJ did not err by not treating the cited records as medical opinion statements, nor did this Court.

3

Even if, *arguendo*, the cited records qualified as statements of medical opinion, it would not change the outcome of the disability determination, for two reasons. First, the evidence of record cited by Plaintiff at most supports the inference that Plaintiff medically needs one session of individual therapy and three sessions of group therapy each week. Plaintiff has not presented evidence that such needs for treatment preclude or limit the ability to work. Second, even if, *arguendo*, the cited records were considered to be medical opinion statements about Plaintiff's residual functional capacity, this Court may not reweigh the evidence, and must affirm the Commissioner's determination if it is supported by substantial evidence. 42 U.S.C. § 405(g). Here, in formulating Plaintiff's residual functional capacity, the ALJ gave significant weight to the opinions of the state agency physicians and the consultative examiner, which constitutes substantial evidence in support of the determination. As a result, even if the ALJ erred in considering the cited records, it could not be more than harmless error, as considering them would not have changed the outcome of the disability determination.

Plaintiff has failed to show a basis for reconsideration of this Court's decision. The motion for reconsideration will be denied.

For these reasons,

**IT IS** on this 19th day of May, 2022,

**ORDERED** that Plaintiff's motion for reconsideration (Docket Entry No. 18) is **DENIED**.

               s/ Stanley R. Chesler
               STANLEY R. CHESLER, U.S.D.J.